# Brooks *versus* Miller.

1. Where there is no rule of court to the contrary, a short plea is good, even of bankruptcy, unless plaintiff gives notice that a plea at length will be required.
2. Defendant has a right to amend his plea, at any stage of the trial.

ERROR to the Court of Common Pleas of *Erie county*.

This was a *scire facias* by defendant in error, to revive and continue the lien of a judgment, to which defendant below pleaded, "payment, with leave to add and alter;" and subsequently added, "the plea of discharge in bankruptcy."

When the case was on trial, and plaintiff had given the judgment in evidence, and rested, the defendant offered a certificate, authenticated under seal of the District Court of the United States, Western District of Pennsylvania, of a proceeding and decree in bankruptcy, decreeing the defendant a bankrupt, and the decree of his final discharge, as above, to which plaintiff objected. The court, CHURCH, P., rejected the evidence, on the

[Brooks v. Miller.]

ground that "short pleading cannot be allowed for this kind of defence."

Defendant then asked leave to amend his pleading, by pleading bankruptcy at length, which the court refused. The rejecting the evidence, and refusing the amendment, were the errors complained of.

*Babbitt* and *Galbraith,* for plaintiff in error, referred to *Weidel* v. *Rosebury,* 13 S. & R. 107; 1 T. & H. Prac. 408; Act 21st March, 1806, sec. 6; 2 Bin. 291; 6 Bin. 88; 2 Wh. 155; *Hopkins* v. *Mehaffey,* 11 S. & R. 126; *Updegraff* v. *Spring,* 11 Id. 188; *Garvin* v. *Dawson,* 13 Id. 246; *Sharp* v. *Sharp,* Ib. 444.

*Thompson* and *Grant,* for defendant in error.—Facts in pleading "must be set forth with certainty, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court who are to give judgment." 1 Chitty's Pl. 11th edition, 233; *Ward* v. *Clark,* 2 Johns. 12; *Carpenter* v. *Alexander,* 9 Johns. 291; *Slade* v. *Drake,* Hob. 295.

"A defendant can avail himself of his discharge as a certificated bankrupt only by a special plea." 1 Chitty's Pl. 479; Selwyn's N. P. 267; Bankrupt Act, 1841, secs. 4, 5; U. S. Stat. at Large, 444; *Ingalls* v. *Savage,* 4 Barr, 224; *M'Cormick* v. *Pickering,* 4 Com. 276; *M'Nulty & Chapman* v. *Frame,* 1 San. Sup. Ct. Rep. 123, per Sanford J.; *Sackett* v. *Andross,* 5 Hill, 327; *Stephens* v. *Ely,* 6 Id. 607; *Morgan* v. *Dyer,* 10 Johns. 161; 1 Denio, 331, 332; *Seaman* v. *Stoughton,* 2 Barb. Ch. R. 344; *Coates* v. *Simmons,* 4 Barb. Sup. Ct. Rep. 403; *Price* v. *Bray,* 1 N. J. Rep. 13; *Jordan* v. *Gatewood,* 1 Smith, (Ind.) 82; *Johnson* v. *Bell,* 15 N. H. 407; *Bivens* v. *Newcomb,* 2 Carter, 98; *Stow* v. *Parks,* 1 Chand. 60.

There are many cases in the reports of this court, in which it is expressly decided that amendments are discretionary, to be allowed or not, as the court shall deem proper and right. Among them, we find *Wilson* v. *Hamilton,* 4 S. & R. 238; *Lyons* v. *Miller,* Ib. 279; *Payran* v. *M'Williams,* 9 W. & S. 154. The court say, in this case, "having pleaded in bar, it was in the discretion of the court to refuse him leave to withdraw his plea, and demur; and consequently not a subject of inquiry on a writ of error." *Wilson* v. *Irwine,* 14 S. & R. 176; *Fox* v. *Foster,* 4 Barr, 119; *Stephens* v. *Myers,* 2 Jones, 302; *Ridgley* v. *Dobson,* 3 W. & S. 118.

The opinion was delivered October 22, 1855.

PER CURIAM.—Where there is no rule of court to the contrary, a short plea is good, even of bankruptcy, unless the plain-

tiff gives notice that a plea at length is required. At all events, it cannot be treated as a nullity, and the evidence to prove it excluded as irrelevant.

The principle illustrated in *Richards* v. *Nixon*, 20 Stat. R. 19, shows fully enough that the amendment ought to have been allowed.

> Judgment reversed, and new trial awarded, and record remitted.